LAMANDA HOWSER *v.* JAMES E. WATSON.

[Kentucky Law Reporter, Vol. 3—382.]

**Sufficiency of Petition for Damages.**

1 Acts (1878), p. 30, Ch. 319, neither imposes a penalty nor authorizes a recovery of damages in selling liquors except where the seller has a license to sell such liquors. It follows that a petition for damages under said act must allege that the sale was made and that the seller at the time had a license to sell.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

November 10, 1881.

OPINION BY JUDGE LEWIS:

The statute, entitled "An act to amend chapter 29, of article 35, title 'Crimes and Punishments of the General Statutes'" (1 Acts 1878, p. 30, Ch. 319), under which this action was brought, neither imposes a penalty nor authorizes a recovery of damages for a violation of its provisions against any other class of persons except those who have, licenses to sell spirituous, vinous, or malt liquors; and consequently the fact of license is a material element of the law, and it should have been alleged in appellant's petition that appellee had such license when he sold and gave liquor to her husband.

If, however, the issue of license or no license had either been made by the answer, or submitted to and tried by the jury, this court would disregard the defect of the petition in that respect. But it was not made in the answer. Nor, in the absence of a bill of exceptions containing the evidence, and showing what instructions were given, can this court say or, in the face of the judgment of the court below, presume the issue was submitted to and tried by the jury.

As the record stands there seems to be no error in the judgment non obstante verdicto, and there is nothing to show that the substantial rights of appellant were prejudiced thereby. If appellee was entitled to judgment, it was not error in the court to permit him to withdraw his motion for a new trial.

The amended petition referred to by counsel is not by bill of exception or otherwise before this court, and we cannot, therefore, say the court below erred in refusing to permit it filed, even if it had been offered at the proper time.

Wherefore the judgment must be *affirmed*.

*Richards & Baskin, for appellant.*

*J. T. O'Neal, Parsons & Beckham, for appellee.*